UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY, individually

        Plaintiff,

v.                                  Case No: 2:16-cv-214-FtM-38MRM

THREE J'S L.L.P., T.T. KWAN, INC.
and LJ FT. MEYERS LLC,

        Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Plaintiff Patricia Kennedy's ("Kennedy") Motion to Enforce Settlement (Doc. 28) filed on March 8, 2017. Defendants filed a Response in Opposition (Doc. 34) to Kennedy's Motion on March 23, 2017. Defendants' Response was not timely filed and will not be considered. *See* M.D. Fla. R. 3.01(b). This matter is ripe for review.

## BACKGROUND

On March 18, 2016, Kennedy filed an Americans with Disabilities Act ("ADA") suit against Defendants Three J'S LLP, T.T. Kwan, Inc., and LJ Ft. Myers LLC. (Doc. 1). Eleven months later, this Court entered an order directing the parties to jointly notify it as

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

to the status of mediation. (Doc. 26). Only Kennedy responded, stating that she was "under the impression that [the] case. . . resolved." (Doc. 27). The Court then directed the parties to file a notice of settlement or notify it as to the status of settlement. (Doc. 27). Neither party timely responded to the order.

Thereafter, Kennedy filed her Motion to Enforce Settlement. (Doc. 28). Kennedy also submitted multiple emails outlining the parties' communications.[2] (Doc. 28-2) (Doc. 28-3). In those emails, Defense counsel Denise L. Wheeler represented, "I am willing to revise our settlement agreement to reflect that we have resolved all issues except the issue of attorney's fees which we agree to have the Court decide. Is that acceptable to you?" (Doc. 28-2). Kennedy's counsel Phil Cullen responded, in part, "As long as the agreement says. . . . Plaintiff is the prevailing party and is entitled to attorney's fees, costs, etc. . . . and the agreement is explicitly conditioned on the Cour[t] reserving jurisdiction to enforce and determine the settlement." (Doc. 28-2). After two follow ups by Kennedy's counsel, Defense counsel responded, "I will get you a revised agreement on Monday. Thanks for the follow up." (Doc 28-3). It is unclear from the communications if Defendants agreed to Kennedy's proposed language regarding attorney's fees.

At a later status conference, the parties differed as to the status of settlement. Initially, Kennedy's counsel Thomas Bacon indicated that the parties "were able to agree on everything except for the amount of fees." (Doc. 35 at 4). On the other hand, Defense counsel articulated that "the only issue remaining in this case is that of attorney's fees," but "[Defendants] don't agree that [Kennedy it] entitled to attorney's fees" if Defendants needed to brief the issue to the Court. (Doc. 35 at 10-11). Defendants were unwilling "to

---

[2] A draft settlement agreement was also attached to the motion. (Doc. 28-1).

enter into an agreement that provides that [Kennedy is] entitled to attorney's fees as a matter of law, [or] as a matter of agreement." (Doc. 35 at 10).

In Kennedy's Motion to Enforce Settlement, she requests the Court (1) incorporate and enforce the parties' settlement agreement; (2) reserve jurisdiction to enforce the parties' settlement agreement; and (3) determine Kennedy's counsel is entitled to fees, costs and litigation expenses.

**LEGAL STANDARD**

In general, state contract law governs settlement agreements. *See Reed By & Through Reed v. United States*, 717 F. Supp. 1511, 1515 (S.D. Fla. 1988), *aff'd,* 891 F.2d 878 (11th Cir. 1990) (citing *Florida Educ. Assoc., Inc. v. Atkinson,* 481 F.2d 662, 663 (5th Cir. 1973)); *see also Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000) (citations omitted). In Florida, "an objective test is used to determine whether a contract is enforceable." *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985) (citation omitted). "The making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs-not on the parties having meant the same thing but on their having said the same thing." *Id.* (quoting *Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp.*, 302 So.2d 404, 407 (Fla. 1974)). "It is basic to Florida contract law that the acceptance of an offer that results in an enforceable agreement must be (1) absolute and unconditional; (2) identical with the terms of the offer; and (3) in the mode, at the place, and within the time expressly or impliedly stated within the offer." *Trout v. Apicella*, 78 So. 3d 681, 684 (Fla. Dist. Ct. App. 2012) (citations omitted). The party seeking to enforce a settlement must show that the opposing party agreed to all of the material terms and had authority to enter into the

agreement. *Blunt v. Tripp Scott, P.A.*, 962 So. 2d 987, 989 (Fla. Dist. Ct. App. 2007). Further, state law principles govern the scope of an attorney's apparent authority to bind the principal. *See Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1999) (citing *Glazer v. J.C. Bradford and Co.,* 616 F.2d 167, 168 (5th Cir. 1980)).

## DISCUSSION

Kennedy argues that the settlement agreement is unambiguous and covers all essential terms and the only issue "is the disinclination of the Defendant's counsel to prepare the minor revisions to the original draft. . . ." (Doc. 28 at 4). Yet the parties have not agreed on (1) entitlement to attorney's fees or (2) amount of attorney's fees. (Doc. 28) (Doc. 35). Because the parties agree on all other terms, the Court must decide whether entitlement to attorney's fees or amount of attorney's fees are material terms to the settlement agreement.[3]

The breadth of case law discussing the materiality of a party's entitlement to or amount of attorney's fees is scant. Yet a few courts have discussed the issue. In *Access 4 All, Inc. v. AAMJ, LLC*, the court entertained reconsideration of plaintiff's motion for approval and entry of a consent decree in a ADA case. No. CIV. 04-6059 (JHR), 2007 WL 655491, at *1 (D.N.J. Feb. 27, 2007). In dicta, the court noted it is "clear that whether attorney's fees would be paid to plaintiffs, and if so the amount, was a material settlement term." *Id.* But in a case where "the parties agree to terms to settle the merits of the case and further agree that one party is entitled to 'reasonable' attorney's fees and costs under the ADA, the proper course is to settle the merits and, if necessary, submit to the court for resolution the issue of what constitutes a 'reasonable' attorney's fee under the statute."

---

[3] Kennedy did not provide case law on these issues.

*Goodman v. Tatton Enterprises, Inc.*, No. 10-60624-CIV, 2012 WL 12540024, at *28 (S.D. Fla. June 1, 2012), *report and recommendation adopted,* No. 10-60624-CIV, 2012 WL 12540103 (S.D. Fla. Aug. 14, 2012) (citation omitted, internal quotations omitted). Here, the parties have not agreed that one side is entitled to attorney's fees. Another potential issue arises if a court incorporates a settlement agreement in a ADA case.

As a general rule, a "prevailing party" may recover reasonable attorney's fees in a ADA suit. *See* 42 U.S.C. § 12205. The prevailing party is the one that receives some relief on the merits of her claim either through an enforceable judgment or settlement agreement enforced through a consent decree. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). In other words, there needs to be a "court-ordered change in the legal relationship between the plaintiff and defendant." *Id.* at 604. Even absent a consent decree, where a district court either incorporates the terms of settlement into its final order or retains jurisdiction to enforce the settlement, a party can be considered a prevailing one. *See Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002). At this point, there is no "prevailing party" entitled to attorney's fees under the statute. But if this Court were to incorporate and enforce the settlement agreement, it could establish Kennedy as a prevailing party.

In light of the nature of ADA cases, case law, and potential for judicially incorporated settlements impacting a party's right to attorney's fees, the Court finds that entitlement to attorney's fees is a material term. Because the parties failed to agree on all material terms, the Court will not incorporate and enforce the settlement agreement.[4]

---

[4] It is this Court's practice not to retain jurisdiction over a parties' settlement agreement but to leave any enforcement issues to the state courts.

Accordingly, it is now

**ORDERED:**

(1) Kennedy's Motion to Enforce Settlement (Doc. 28) is **DENIED**.

(2) Kennedy's request for this Court to reserve jurisdiction over the parties' settlement is **DENIED as moot**.

(3) Kennedy's request for this Court to determine if Plaintiff is entitled to recover attorney's fees, costs and litigation expenses and reserve jurisdiction to determine amount is **DENIED as moot**.

(4) Pending deadlines will be addressed under separate order of the Court.

**DONE** and **ORDERED** in Fort Myers, Florida this 31st day of March, 2017.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

6