UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY, individually

       Plaintiff,

v.                                 Case No:   2:16-cv-214-FtM-38MRM

THREE J'S L.L.P., T.T. KWAN, INC.
and LJ FT. MEYERS LLC,

       Defendants.

_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Plaintiff Patricia Kennedy's Motion for Summary Judgment (Doc. 43) filed on May 3, 2017.  Defendants Three J's LLP, T.T. Kwan, Inc., and LJ Ft. Myers, LLC filed a Response (Doc. 45) on May 17, 2017.  In addition, the Court heard from all parties at a status conference on June 6, 2017.  This matter is ripe for review.

## BACKGROUND

This is an Americans with Disabilities Act ("ADA") case. (Doc. 1).  Kennedy alleges that Defendants denied her access to their property because of multiple ADA violations.  (Doc. 1).  Defendants do not dispute Kennedy's statement of facts. (Doc. 45).  In fact,

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Defendants "request that this Court grant [Kennedy's] Motion for Summary Judgment" but "reserve ruling on the issue of entitlement to attorney's fees." (Doc. 45 at 5).

Because Defendants concede Kennedy's claim for summary judgment, only a brief statement of undisputed facts is necessary. Kennedy is a disabled "tester" who visits public locations to determine if they comply with the ADA. (Doc. 43-1 at ¶¶ 3-5). Kennedy visited the Villas Plaza, a place of public accommodation, in Fort Myers, Florida. (Doc. 43-1 at ¶ 5). Defendants own, lease, lease to, or operate places of public accommodation at the Villas Plaza. (Docs. 1 at ¶ 5-8; 24 at ¶ 5-8). While on the premises, Kennedy encountered numerous violations of the ADA. (Doc. 43-1 at ¶ 5). Kennedy plans to return to the Villas Plaza. (Doc. 43-1 at ¶¶ 9-10).

Both parties hired ADA experts. And, neither side contests the violations the experts found. (Docs. 43-2; 43-3; 45). These violations are memorialized in the parties' consent decree. (Doc. 53-1). Kennedy now moves the Court to enter judgment in her favor, order Defendants to bring their property into compliance with the ADA, and award her attorney's fees and litigation expenses. (Doc. 43).

## LEGAL STANDARD

To obtain summary judgment, a party must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). [2] A fact is material if it might impact the outcome of the case under the applicable law. See *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1259 (11th Cir. 2004). An issue is genuine if a rational trier of fact could find for the nonmoving party.

---

[2] Kennedy cites to Rule 56(c) for the summary judgment standard, but the standard previously expressed in subdivision (c) is now expressed in subdivision (a). *See* Fed. R. Civ. P. 56.

*See id.*  The moving party bears the burden to establish the basis for its motion.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  All justifiable inferences are to be drawn in favor of the nonmoving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  When a summary judgment motion is unopposed, the court cannot enter judgment simply because the motion is unopposed but must consider the merits of the motion.  *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  A district court must ensure that the motion is supported by evidentiary materials.  *Id.*

## DISCUSSION

The ADA is a comprehensive law that prohibits discrimination based on disability. Title III prohibits discrimination of disabled individuals in places of public accommodation. In particular, it provides

> [n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182.  To establish a claim under the ADA, a plaintiff must prove that (1) she is disabled; (2) the location is a place of public accommodation; and (3) she was denied full and equal treatment because of her disability.  *See Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1363 (S.D. Fla. 2001).  An individual is disabled if a physical or mental impairment limits at least one major activity, if an individual has a record of such an impairment, or if an individual is regarded as having an impairment.  *See* 42 U.S.C. § 12102(1).  Public accommodations fall into twelve categories, including

restaurants and shopping centers.  *See id.* § 12181(7).  Discrimination exists when an entity fails to "remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable," or, if removal is not readily achievable, "a failure to make such goods, services, facilities, privileges, or accommodation available through alternative methods if such methods are readily achievable."  *Id.* § 12182(b)(2)(A).

Here, Kennedy is disabled as defined under the ADA.  (Doc. 43-1 at ¶ 3). Defendants own, lease, lease to, or operate places of "public accommodation."  (Docs. 1 at 5-8; 24 at ¶ 5-8).  Kennedy was denied "full and equal treatment" because of various ADA violations she encountered at Villas Plaza.  (Doc. 43-1 at ¶ 5).  And, the parties agree on the barriers in question and Defendants' ability to alter or fix the barriers.[3]  (Doc. 53-1).  Based on the evidence before the Court and the parties' positions, Kennedy is entitled to summary judgment.  But, the Court reserves ruling on all issues related to attorney's fees.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Patricia Kennedy's Motion for Summary Judgment (Doc. 43) is **GRANTED in part and DENIED in part**.

   a. The Court **GRANTS** the Motion to the extent that the Defendants shall alter their premises/facilities to bring the barriers enumerated in the consent decree into compliance with the law as soon as practicable.  (Doc. 53-1).

---

[3] The Court cites to the consent decree (Doc. 53-1) for the limited purpose of enumerating the specific barriers that violate the ADA.

b. The Court **DENIES without prejudice** all issues related to attorney's fees.  Plaintiff Patricia Kennedy may move for attorney's fees in compliance with the applicable rules and law.

2. The Clerk is **DIRECTED** to enter judgment accordingly and terminate all pending motions and deadlines.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of July 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record