UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY, individually,

    Plaintiff,

v.                                Case No:   2:16-cv-214-FtM-38MRM

THREE J'S L.L.P., T.T. KWAN, INC. and
LJ FT. MEYERS LLC,

    Defendants.
_____/

### REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Verified Motion for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses (Doc. 59), filed on August 10, 2017.  Plaintiff seeks an award of attorneys' fees and costs in the total amount of $49,908.50.  (*Id.* at 22).  Defendants filed a Response (Doc. 62) in opposition on September 7, 2017, arguing that Plaintiff should not be awarded fees because she failed to provide pre-suit notice or, alternatively, that Plaintiff's demand should be reduced as excessive.  The matter was referred to the Undersigned for a Report and Recommendation and is ripe for review.  For the reasons stated herein, the Undersigned respectfully recommends that Plaintiff's Motion (Doc. 59) be **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

I.      **Background**

On March 18, 2016, Plaintiff brought the current action pursuant to the Americans with Disabilities Act ("ADA"). (Doc. 1). Plaintiff alleged that Defendants Three J'S LLP, T.T. Kwan, Inc., and LJ Ft. Myers LLC denied her access to their property because of multiple ADA violations. (*See id.*). Throughout the course of this litigation, one common theme has emerged. Specifically, the parties agree on virtually all issues, except for the issue of attorneys' fees.

For instance, eleven months after the case was filed, the Court entered an Order directing the parties to advise the Court regarding the status of mediation. (Doc. 25). Only Kennedy responded. (*See* Doc. 26). Plaintiff stated that she was "under the impression that [the] case. . . resolved." (*Id.* at 1). The Court then directed the parties to file a notice of settlement or notify it as to the status of settlement, (Doc. 27), but neither party timely responded to the order. Plaintiff then filed her Motion to Enforce Settlement. (Doc. 28). At that time, and at a later status conference conducted by the Court, it was clear that the parties had essentially resolved all issues except for the issue of attorneys' fees. (*See* Doc. 28-2; Doc. 35 at 4; Doc. 35 at 10). Nonetheless, after a review of the parties' submissions and arguments, the Court found that entitlement to attorneys' fees was a material term of the parties' purported settlement agreement. (Doc. 39 at 5-6). Moreover, because the parties failed to agree on that term, the Court declined to incorporate and enforce the parties' settlement agreement and, therefore, denied Plaintiff's Motion to Enforce Settlement. (*Id.*).

Prior to the Court's resolution of the Motion to Enforce Settlement, Plaintiff filed a Motion to Extend Certain Deadlines, Compel Compliance with Scheduling Order and for [the] Imposition of Sanctions (Doc. 38). Some of the relief requested by Plaintiff was mooted by the Court's Order denying the Motion to Enforce Settlement. (*See* Doc. 39). In pertinent part as to

what remained of Plaintiff's arguments, Plaintiff argued that Defendants had not complied with the deadlines set forth in the Court's Case Management and Scheduling Order. (*Id.*). As a result, Plaintiff requested that the Court extend various case management deadlines, compel Defendants to comply with the new deadlines, and award her sanctions for Defendants' and/or Defendants' counsel's conduct. (*Id.* at 5-6). Despite the parties' apparent agreement on many issues, the Court noted that "it [was] clear that the parties still [had] stark disagreements on some issues in this case." (Doc. 41 at 3). Without an enforceable agreement between the parties, the Court stated that the case must continue to move forward toward trial. (*Id.*). Thus, the Court granted Plaintiff's Motion to the extent it requested an extension of the remaining case management deadlines. (*Id.*). The Court further admonished all parties that they must strictly comply with all amended case management deadlines. (*Id.*). Finally, the Court found, upon a careful review of the record, that the parties were equally responsible for the posture of this case and, therefore, declined to award sanctions. (*Id.*).

Plaintiff then filed a Motion for Summary Judgment (Doc. 43) and a Motion to Strike Defendants' Pleadings (Doc. 46). Based on the Motions, the posture of the case, and the parties' failure to mediate, the Court found it necessary to hold a hearing. (Doc. 47 at 1). The parties appeared for a hearing on July 6, 2017. (*See* Doc. 50). At the hearing, the parties again indicated that their only remaining issue was attorneys' fees. (Doc. 51 at 3).

Subsequently, the Court ruled on Plaintiff's Motion for Summary Judgment. (Doc. 54). As the Court noted in the Order, Defendants did not dispute Ms. Kennedy's statement of facts. (*Id.* (citing Doc. 45)). Indeed, Defendants specifically requested that the Court grant Plaintiff's Motion for Summary Judgment. (*Id.* (citing Doc. 45 at 5)). Nevertheless, Defendants further requested that the Court "reserve ruling on the issue of entitlement to attorney's fees." (*Id.*

3

(citing Doc. 45 at 5)).  Based on the evidence and the parties' positions, the Court found that Ms. Kennedy was entitled to summary judgment.  (*Id.* at 4).  The Court, however, reserved ruling on all issues related to attorneys' fees.  (*Id.*).

Plaintiff ultimately filed the present Verified Motion for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses (Doc. 59) to which Defendants responded (Doc. 62).  The Undersigned now addresses the issues raised in Plaintiff's Motion, beginning with her request for attorneys' fees.

## II.     Attorneys' Fees

The ADA authorizes a court, in its discretion, to allow the prevailing party a reasonable attorney's fee, including litigation expenses and costs.  42 U.S.C. § 12205.  Here, the parties contest both the entitlement to attorneys' fees and the reasonableness of the fees sought.  The Undersigned addresses both issues in turn.

### A.     Entitlement to Attorneys' Fees

Plaintiff argues that, as the prevailing party, she is presumptively entitled to her attorneys' fees.  (Doc. 59 at 2).  Indeed, Plaintiff argues that Defendants have, in fact, conceded that the only remaining issue is the *amount* of attorneys' fees.  (*Id.* (citing, *e.g.*, Doc. 45 at 2 ¶ 3)).  Furthermore, contrary to Defendants' position, Plaintiff argues that pre-suit notice is not required by statute.  (*Id.* at 17 (citations omitted)).  Moreover, Plaintiff argues that, in her experience, pre-suit notice "simply doesn't work."  (*Id.* at 17-18).  Finally, Plaintiff argues that her prior litigation history is irrelevant to the current dispute.  (*Id.* at 19-20).

In response, Defendants do not contest that Plaintiff is the prevailing party.  (*See* Doc. 62).  Instead, Defendants argue that the Court, in its discretion, should decline to award attorneys' fees in this case.  (*Id.* at 10).  In support, Plaintiff points out that the relevant statute

indicates that an award of attorneys' fees is discretionary. (Doc. 62 at 7 (citing 42 U.S.C. § 12205)).  Additionally, Defendants cite decisions of this Court where the Court, in its discretion, denied awards of attorneys' fees and costs for failure to provide pre-suit notice. (*Id.* (citing *Macort v. Checker Drive-In Restaurants, Inc.*, No. 8:03-CV-1328-T-30EAJ, 2005 WL 332422, at *1 (M.D. Fla. Jan. 28, 2005); *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1307 (M.D. Fla. 2005); *Rodriguez v. Investco, L.L.C.*, 305 F. Supp. 2d 1278, 1285 (M.D. Fla. 2004))).

Here, Defendants state that "at no time prior to filing this lawsuit did Plaintiff make a written demand requesting immediate action to bring the premises into ADA compliance." (*Id.* at 9).  Thus, Defendants argue that they were "afforded absolutely no opportunity to voluntarily remedy such violations pre-litigation and have incurred significant expense as a result." (*Id.* at 10).  Moreover, Defendants specifically argue that they would have voluntarily remedied the violations had they been provided pre-suit notice. (*Id.* at 3).  In support, Defendants point out that "[i]mmediately after being sued the Defendant's [sic] hired their own expert and agreed to make all necessary modifications." (*Id.* at 3, 10).  Accordingly, based on the failure to provide pre-suit notice, Defendants argue that the Court should deny Plaintiff's Motion. (*Id.* at 10).

Upon review of this issue, Defendants are correct that an award of attorneys' fees in ADA cases is discretionary.  *See* 42 U.S.C. § 12205.  Nevertheless, the Undersigned recommends that Plaintiff be awarded attorneys' fees in this case as the prevailing party because she exposed Defendants' ADA violations and obtained remediation thereof.  *See Larkin v. Envoy Orlando Holdings LLC*, No. 6:15-cv-439-ORL-31GJK, 2015 WL 12857079, at *2 (M.D. Fla. Dec. 21, 2015).

5

In coming to this conclusion, the Undersigned finds illuminating two decisions by the Honorable Gregory A. Presnell from this Court—*Rodriguez v. Investco, L.L.C.*, 305 F. Supp. 2d 1278 (M.D. Fla. 2004) and *Larkin v. Envoy Orlando Holdings LLC*, No. 6:15-cv-439-ORL-31GJK, 2015 WL 12857079 (M.D. Fla. Dec. 21, 2015).

In *Rodriguez*, Judge Presnell initially questioned whether attorneys' fees should be awarded in ADA cases when there is no effort to obtain voluntary compliance pre-suit. 305 F. Supp. 2d at 1282. In *Larkin*, however, Judge Presnell ultimately determined that attorneys' fees should be awarded even though there was no pre-suit notice. 2015 WL 12857079, at *2. Judge Presnell expressly acknowledged that "it seems clear that if notified beforehand, Defendant would have agreed to remediate without the need to file suit." *Id.* Nevertheless, Judge Presnell noted that, because only injunctive relief is available in ADA cases, "an ADA plaintiff and his attorney would have little incentive to investigate and expose an ADA violator unless some compensation is reasonably assured." *Id.* As a result, Judge Presnell found that the plaintiff's counsel was entitled to a reasonable fee for exposing the defendant's ADA violations and obtaining remediation thereof even though there was no pre-suit notice. *Id.*

In this case, similar to *Larkin*, the Defendants steadfastly maintain that, had they been provided pre-suit notice, they would have voluntarily remedied the situation. (Doc. 62 at 3, 9-10). Yet pre-suit notice is not required under the ADA. *See Ass'n of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1360 (11th Cir. 2006). Indeed, the Eleventh Circuit has expressly acknowledged that "[a] person may file a suit seeking relief under the ADA without ever notifying the defendant of his intent to do so, and the district court may not dismiss the suit for lack of pre-suit notice." *Id.* Nevertheless, the court has stated that "in awarding attorney's fees, a district court has discretion to consider, among other things, whether the litigation is

6

frivolous or whether the plaintiff declined to settle after receiving a fair offer of judgment." *Id.* (citing Fed. R. Civ. P. 11, 68). Additionally, "a district court may consider whether the plaintiff's failure to ask for or to accept voluntary compliance prior to suit indicates that the plaintiff has acted in bad faith, has been unduly litigious, or has caused unnecessary trouble and expense." *Id.* The court stressed, however, "that pre-suit notice is not required to commence suit under the ADA and that lack of pre-suit notice does not compel a reduction of the requested fee award." *Id.* Moreover, the court indicated that the factual record must support a finding that the plaintiff filed or maintained a suit unnecessarily for the district court to properly consider a reduction in the fee award. *Id.*

Upon consideration, here, the Undersigned finds that Plaintiff's counsel should be awarded a reasonable fee for exposing Defendants' ADA violations and obtaining remediation thereof even though Plaintiff did not provide Defendants pre-suit notice. *See Larkin*, 2015 WL 12857079, at *2. Stated bluntly, pre-suit notice is not required in ADA cases. *See Neptune Designs*, 469 F.3d at 1360. Thus, the availability of attorneys' fees should not be foreclosed on that basis alone.

Moreover, the Undersigned is unable to conclude that Plaintiff filed or maintained this suit unnecessarily or that this litigation is frivolous. *See id.* Plaintiff's claims clearly had merit given that (1) Defendants admitted as much and (2) the Court granted summary judgment in favor of Plaintiff. *See id.* Moreover, the record does not support a finding that Plaintiff acted in bad faith, has been unduly litigious, or has caused unnecessary trouble and expense. *See id.* Indeed, as the Undersigned found previously in this case, both sides are equally to blame for how aspects of this litigation unfolded. (*See* Doc. 41 at 3). Furthermore, the record does not show that Defendants ever offered or that Plaintiff ever declined to settle this action after receiving a

fair offer of judgment, a specific scenario outlined by the Eleventh Circuit that would justify a denial of attorneys' fees. *See Neptune Designs*, 469 F.3d at 1360 (citing Fed. R. Civ. P. 68). Accordingly, the Undersigned finds that Plaintiff's counsel should be awarded reasonable attorneys' fees as the prevailing party. *See id.*

### B.    Reasonableness of the Attorneys' Fees Sought

Having found that Plaintiff should be awarded attorneys' fees, the Undersigned now looks to the reasonableness of the fees sought. "In calculating a reasonable attorney's fee award, the court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services to reach a sum commonly referred to as the 'lodestar.'" *Neptune Designs*, 469 F.3d at 1359 (citation omitted); *see also Kennedy v. KSK Investments LLC*, No. 6:17-cv-640-ORL-37KRS, 2017 WL 6403072, at *2 (M.D. Fla. Nov. 24, 2017), *report and recommendation adopted*, No. 6:17-cv-640-ORL-37KRS, 2017 WL 6387974 (M.D. Fla. Dec. 14, 2017).

#### 1.    *Fee requested by Plaintiff*

The Undersigned first addresses the fees requested by Plaintiff. Plaintiff argues that the fees requested – $420.00 per hour for attorneys' fees and $115.00 per hour for paralegal fees – are reasonable. (Doc. 59 at 13). In response, Defendants do not contest that the fees requested by Plaintiff are reasonable. (*See* Doc. 62 at 10-14). Instead, Defendants only argue that the number of hours expended by counsel was unreasonable. (*See id.*).

Upon review, although the fees sought by Plaintiff are not contested by Defendants, the Undersigned nevertheless recommends that the fees requested be reduced from $420.00 to $300.00 per hour for attorneys' fees and from $115.00 to $95.00 per hour for paralegal fees.

In coming to this conclusion, the Undersigned notes that other judges in this District, including within this division, have reduced the same lawyers' fees in other ADA cases brought on behalf of Ms. Kennedy. For instance, in a recent decision, *Kennedy v. Radio Road Plaza Investments, LLC*, the Honorable John E. Steele reduced the hourly rate for Mr. Bacon and Mr. Cullen from $420.00 to $300.00 per hour for attorneys' fees and from $115.00 to $95.00 per hour for paralegal fees. 2017 WL 88944, at *2. Similarly, in *Kennedy v. KSK Investments LLC*, the Honorable Karla R. Spaulding found that a reduced hourly rate from $420.00 to $300.00 per hour for attorneys' fees and from $115.00 to $95.00 per hour for paralegal fees was a reasonable rate in another ADA case brought by the same lawyers involved in this case. 2017 WL 6403072, at *2.

The Undersigned finds the above-cited decisions to be highly persuasive. Accordingly, consistent with other recent decisions in the Middle District of Florida, the Undersigned finds that a reduced hourly rate of $300.00 per hour for attorneys' fees and $95.00 per hour for paralegal fees is reasonable in this case.

### 2. *Hours reasonably expended on the litigation*

Having determined a reasonable hourly rate, the Undersigned next addresses the hours reasonably expended on the litigation. On this point, the Eleventh Circuit requires that fee applicants exercise billing judgment by excluding from fee applications excessive, redundant, or otherwise unnecessary hours and hours that would be unreasonable to bill to a client and, therefore, unreasonable to bill to one's adversary irrespective of the skill, reputation, or experience of counsel. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (emphasis omitted; quoting *Norman v. Hous. Auth.*, 836 F.2d 1291, 1301 (11th Cir. 1988)). Additionally, "[c]lerical or secretarial work performed by a paralegal is not

compensable, and such work performed by an attorney is not compensable at an attorney's hourly rate for legal work." *KSK Investments*, 2017 WL 6403072, at *3 (citing *Norman*, 836 F.2d at 1306; *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002)).

Here, Defendants argue that Plaintiff's demand for attorneys' fees is grossly inflated and excessive. (Doc. 62 at 11). In support, Defendants specifically object to various time entries. (*Id.* at 11-13). For instance, Defendants object to 12.9 hours of time entries counsel spent propounding three identical discovery requests to the three separate Defendants. (*Id.* at 12). Similarly, Defendants contend that counsel spent at least 2.0 hours traveling from Cooper City, Florida to Fort Myers in excess of regular travel time. (*Id.*). Defendants further object to 4.0 hours from a time entry dated March 27, 2017 for preparation of a motion to compel that was never filed. (*Id.*). Likewise, Defendants object to an entry from April 25, 2017 of one hour described as "re: same" because it is vague and non-descript. (*Id.* at 13). Defendants also object to 9.6 hours for preparation of, what they contend is, "an utterly frivolous motion to strike." (*Id.*). Defendants further object to 0.4 hours for discovery requests prepared after the close of discovery. (*Id.*). Finally, Defendants object to 20.7 hours for preparation of Plaintiff's Motion for Attorney's Fees. (*Id.*).

Upon review of these objections, the Undersigned recommends that the Court sustain all of Defendants' objections as set forth below.

First, the Undersigned finds that the 12.9 hours counsel spent propounding three identical discovery requests to the three separate Defendants is duplicative. (*See* Doc. 59-5 at 4). As a result, Plaintiff should only recover once for this work. Thus, the Undersigned recommends that

Plaintiff's counsels' hours be reduced by 8.6 hours from 12.9 hours to 4.3 hours (or one-third of the amount sought).  *See Barnes*, 168 F.3d at 428.

Next, the Undersigned agrees with Defendants that Plaintiff's counsel's travel time should be reduced by 2.0 hours for the time counsel spent in excess of regular anticipated travel time from Cooper City, Florida to Fort Myers.  (Doc. 59-5 at 3).

The Undersigned further recommends that Defendants' objection be sustained to the 4.0 hour time entry dated March 27, 2017 for preparation of a motion to compel which was never filed.  (*Id.* at 6).  The Undersigned finds that this work was unnecessary in this action.  *See Barnes*, 168 F.3d at 428.

As to the time entry dated April 25, 2017 for one hour described as "re: same," the Undersigned finds that counsels' description is impermissibly vague and non-descript.  (*Id.* at 7).  Thus, the Undersigned has no basis on which to conclude that this time was reasonably or necessarily expended.  Thus, the Undersigned recommends that Defendants' objection be sustained.

Next, the Undersigned agrees that the time entries totaling 9.6 hours for preparation of the Motion to Strike were not reasonably expended on this litigation.  (*Id.* at 8).  The Motion to Strike was unnecessary given that Plaintiff also filed a Motion for Summary Judgment that was not contested on the merits and was ultimately granted by the Court.  (*See* Doc. 54).

The Undersigned further recommends that Defendants' objection to 0.4 hours in time entries dated July 27, 2017 related to discovery requests be sustained.  (Doc. 59-5 at 10).  These discovery requests were, indeed, prepared after the close of discovery.  (*See* Doc. 42).  As a result, the Undersigned finds that this work was unnecessary.  *See Barnes*, 168 F.3d at 428.

Finally, the Undersigned recommends that Defendants' objection to the 20.7 hours spent in preparation of Plaintiff's Motion for Attorney's Fees be sustained in part. (*See* Doc. 59-5 at 10). The Undersigned cannot recommend an award of the full 20.7 hours for this work when other motions, including dispositive motions took far less time. Indeed, a review of the counsels' time entries shows that counsel only spent 8.5 hours working on Plaintiff's Motion for Summary Judgment. (*Id.* at 7). The Undersigned finds that 20.7 hours is excessive under the circumstances. As a result, the Undersigned recommends that the Court find reduce these time entries from 20.7 hours to 4.0 hours – *i.e.*, a reduction of 16.7 hours. Four hours is less than half of the time counsel spent preparing the Motion for Summary Judgment and a more than ample period of time in which to prepare a motion for fees.

In sum, the Undersigned finds that a total of 42.3 hours of time entries was not reasonably expended on this litigation. As for the remaining time entries, totaling 66.7 hours for counsel and 4.2 hours for paralegals, the Undersigned notes that these entries were not specifically contested by Defendants. (*See* Doc. 62). Upon an independent review of the remaining time entries, the Undersigned has no basis to find that they are unreasonable. Thus, the Undersigned finds that 66.7 hours by counsel and 4.2 hours by paralegals were reasonably expended on this litigation.

### 3. *Calculation of the loadstar*

As stated above, to determine the loadstar, the Court multiplies the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services. *See Neptune Designs*, 469 F.3d at 1359. Here, as to attorneys' fees, the Undersigned multiplies 66.7 hours by $300.00 per hour for a total of **$20,010.00**. As to paralegal fees, the Undersigned multiplies 4.2 hours by $95.00 per hour for a total of **$399.00**.

### III.  Expert Fees, Costs, and Litigation Expenses

In addition to attorneys' fees, Plaintiff also seeks expert fees, costs, and litigation Expenses.  (Doc. 59 at 14-16).  As stated above, the ADA authorizes a court, in its discretion, to allow the prevailing party litigation expenses and costs.  42 U.S.C. § 12205.  Additionally, pursuant to Fed. R. Civ. P. 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  In looking at what costs are allowed, Congress has comprehensively regulated the taxation of costs in federal courts.  *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987).  Absent statutory language to the contrary, courts are limited to taxing only the costs enumerated in 28 U.S.C. § 1920.  *Id.*  Indeed, while a court has discretion to tax costs enumerated in § 1920, it is nonetheless prohibited from taxing costs that are not enumerated in that statute, absent another basis for awarding costs.  *Id.*

Once the prevailing party has shown the requested costs are allowed, the losing party must rebut the presumption favoring their award.  *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).  Section 1920 provides the following list of taxable costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.  A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

As an initial matter, as stated above, Plaintiff is the prevailing party. As a result, Plaintiff is entitled to recover costs. *See* Fed. R. Civ. P. 54(d)(1). Here, Plaintiff seeks costs totaling $610.00, expert expenses in the amount of $2,300.00, and a re-inspection fee of $1,000.00. (Doc. 59 at 16). The Undersigned addresses these requests in turn.

First, as to costs, Plaintiff seeks to recover the following: Accurint database searches – $25.00; the filing fee – $400.00; a transcript dated 3/23/2017 – $90.75; and a transcript dated 7/6/2017 – $94.25. (Doc. 59-5 at 11). Section 1920(1) allows the prevailing party to recover the filing fee. 28 U.S.C. § 1920(1). Accordingly, the Undersigned recommends that the filing fee of $400.00 be taxed against Defendants. *See* 28 U.S.C. § 1920(1). Next, 28 U.S.C. § 1920(2) allows for recovery of fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Here, the transcripts obtained by Plaintiff were necessarily obtained for use in the case. Thus, the Undersigned recommends that $185.00 be taxed against Defendants for the costs of the transcripts. *See* 28 U.S.C. § 1920(2). Finally, as to the $25.00 charge for Accurint database searches, this Court has previously allowed Ms. Kennedy to recover database search costs pursuant to 42 U.S.C. § 12205 when the defendant did not object to the cost. *Radio Rd. Plaza Investments*, 2017 WL 88944, at *3 (Steele, J.). Here, Defendants did not specifically object to recovery of this cost. (*See* Doc. 62). Thus, the Undersigned recommends that the $25.00 charge be taxed against Defendants.

Next, Plaintiff seeks expert witness fees, totaling $2,300.00. (Doc. 59 at 16). Defendants did not specifically object to the expert expenses. (*See* Doc. 62). On this point, this Court has previously allowed Ms. Kennedy to recover her costs for inspections invoiced and conducted. *See Radio Rd. Plaza Investments*, 2017 WL 88944, at *3. The Undersigned finds this fact to be

14

highly persuasive.  As a result, without objection by Defendants, the Undersigned recommends that Plaintiff's expert expenses, totaling $2,300.00, be taxed against Defendants.

Finally, Plaintiff seeks $1,000.00 for a re-inspection fee to be incurred in the future. (Doc. 59 at 16).  Defendants did not object to this cost.  (*See* Doc. 62).  Upon review of Plaintiff's request, however, the Undersigned cannot recommend that the full amount be taxed against Defendants.  For instance, in *Kennedy v. Radio Road Plaza Investments*, Judge Steele only authorized $300.00 for a reinspection fee.  2017 WL 88944, at *3.  Similarly, in *Access for America, Inc. v. Oakwood Center, L.C.*, the Court only authorized $250.00 for a re-inspection fee.  8:02-cv-464-T-30MSS, Doc. 38 (M.D. Fla. July 22, 2003).  Plaintiff has not shown that the full amount sought – $1,000.00 – is reasonable or necessary.  As a result and consistent with other decisions of this Court, the Undersigned recommends that Plaintiff's request for a re-inspection be granted for $300.00 only.

In sum, the Undersigned recommends that expert fees, costs, and litigation expenses be taxed against Defendants in the amount of **$3,210.00**.

**IV.   Conclusion**

For the reasons explained above, the Undersigned **RESPECTFULLY RECOMMENDS:**

1) That Plaintiff's Verified Motion for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses (Doc. 59) be **GRANTED IN PART** and **DENIED IN PART**.
2) That Plaintiff be awarded:
   a. Attorneys' fees totaling $20,010.00,
   b. Paralegal fees totaling $399.00,
   c. Expert fees, costs, and litigation expenses totaling $3,210.00.

3) That the Clerk be directed to enter judgment accordingly in favor of Plaintiff and against Defendants for the amounts listed above.

Respectfully recommended in Chambers in Fort Myers, Florida on February 6, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties